IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

RANDY RAY McCOLLISTER, )
TDCJ No. 688344, )
        Plaintiff, )
)
v. ) Civil No. 7:12-CV-140-O-BL
)
UNKNOWN DEFENDANTS, )
        Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 42 U.S.C. § 1983. The Defendants have not been identified in the complaint. Plaintiff complains that his life is in danger at the Allred Unit.

Complaints filed by *pro se* litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan*, 518 F.2d 366, 367-68 (8th Cir. 1975); *Ballentine v. Crawford*, 563 F.Supp. 627, 629 (N.D. Ind. 1983). McCollister's claims are virtually identical to those set forth in his previously filed case, *McCollister v. Garondo*, No. 7:12-CV-131-O-BL (N.D. Tex.) (filed on August 8, 2012). Thus, the case at bar constitutes repetitive litigation. *See Pittman v. Moore*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 28th day of January, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[1] The District Clerk has notified this Court that Plaintiff failed to either pay the filing fee or seek leave to proceed *in forma pauperis*. Because this case is a duplicate of Plaintiff's previous case, it is recommended that the Court not waste scarce judicial resources seeking a filing fee or a motion for leave to proceed *in forma pauperis*.